# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 22-3070**

**September Term, 2022**

FILED ON: JUNE 16, 2023

UNITED STATES OF AMERICA,
              APPELLEE

v.

ROBERT KEITH PACKER,
              APPELLANT

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:21-cr-00103-1)

---

Before: SRINIVASAN, *Chief Judge*, and MILLETT and CHILDS, *Circuit Judges*.

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral argument of the parties. The panel has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the appeal be dismissed as moot.

Appellant Robert Packer pled guilty to parading, demonstrating, or picketing in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(G). The Statement of Offense to which Packer agreed contained a section entitled "Robert Packer's Participation in the January 6, 2021, Capitol Riot." Statement of Offense at 3, App. 33. According to that Statement, Packer "attend[ed] the rally of former President Trump in Washington, D.C. on January 6, 2021," and "then went to the Capitol building and went inside," where he was "with the crowd" when, among other things, "the large mob breached the police line . . . to go into the House side of the Capitol." *Id.*

In his plea agreement, Packer waived his right to appeal his conviction and sentence, with certain exceptions. The district court sentenced Packer to 75 days of imprisonment, $500 in restitution, and a $10 special assessment. *See* 18 U.S.C. §§ 3013(a)(1)(A)(ii), 3663; 40 U.S.C. § 5109(b). Packer was not sentenced to any term of probation or supervised release.

In this appeal, Packer contends that the district court, in fashioning Packer's sentence of imprisonment, impermissibly relied on the fact that Packer wore a shirt on the day of the offense that bore the words "Camp Auschwitz" and "Work Means Freedom." During the pendency of the appeal, Packer completed his 75-day term of imprisonment and was released from the custody of the Bureau of Prisons. *See* Gov't Br. 13.

We hold that Packer's appeal is moot and thus do not reach the merits of his claim. The sole claim Packer brings in this appeal is a challenge to his sentence, and his briefing limits that challenge to one seeking relief from his 75-day term of imprisonment. Accordingly, he frames the relevant issue he raises as whether "the district court err[ed] in imposing a sentence of seventy-five (75) days of imprisonment by improperly taking into account an offensive t-shirt worn by defendant/appellant that contained the words 'Camp Auschwitz.'" Packer Br. 1. And he argues that the "trial court erroneously considered the offensive t-shirt in fashioning the prison sentence of seventy-five (75) days of incarceration." *Id.* at 5–6; *see id.* at 5 ("The United States made reference to the offensive language in its sentencing Memorandum and the trial court clearly referenced the offensive words in fashioning a sentence. Defendant/appellant received a sentence of imprisonment of seventy-five days."). Similarly, in setting out the "rulings at issue in this appeal," Packer identifies the "trial court's imposition of a sentence of seventy-five (75) days of incarceration and whether the sentence was based upon an improper consideration that defendant/appellant was wearing a t-shirt with an offensive expression." *Id.* at i.

Packer's completion of his 75-day term of imprisonment renders his appeal moot. "[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." *Honeywell Int'l, Inc. v. Nuclear Regul. Comm'n*, 628 F.3d 568, 576 (D.C. Cir. 2010) (quotation marks and citation omitted). Here, Packer challenges his 75-day term of imprisonment on the ground that the district court impermissibly based that term on Packer's wearing of an offensive t-shirt, but it is impossible for us to grant him any effectual relief with regard to the 75-day term of imprisonment he challenges because he has already served it, and he has not alleged that he has suffered any collateral consequences from it.

At oral argument, Packer asserted for the first time that a live controversy persists because, even if his term of imprisonment has expired, the district court's sentence included a $500 order of restitution. *See* Oral Argument at 0:37–0:58. But in his brief, Packer challenges only the length of his sentence of imprisonment and does not challenge the restitution order, and a challenge sought to be raised for the first time at oral argument is forfeited. *See Ark Las Vegas Rest. Corp. v. NLRB*, 334 F.3d 99, 108 n.4 (D.C. Cir. 2003). At any rate, while Packer mentioned the restitution award at oral argument in contending that the appeal is not moot, he has never suggested that his challenge on appeal—i.e., that the district court considered an impermissible factor in fashioning Packer's sentence—pertains to the restitution award. Rather, Packer's argument all along has been that his 75-day term of imprisonment impermissibly rested on his wearing of an offensive t-shirt, and he has never suggested that the amount of the restitution award turned in any

way on that consideration. That is unsurprising given that he agreed to the $500 amount of the award in his plea agreement, separate from (and well before) the sentencing hearing at which he alleges that the district court improperly took into account his t-shirt in fashioning his term of imprisonment.

That is presumably why in his brief, Packer challenges only the length of his sentence of imprisonment and not the restitution order. Indeed, whereas his brief, as explained, repeatedly frames his challenge as one contending that the 75-day term of imprisonment rested on an impermissible consideration, his brief mentions the $500 restitution amount only once in passing in the background section as something he agreed to pay in his plea agreement. Packer Br. 3. Nor is it the case that Packer's challenge to the length of his term of imprisonment somehow implicitly incorporates a challenge to the restitution award: to the contrary, the length of a term of imprisonment does not bear on the amount of a restitution award under the governing statutes. *See* 18 U.S.C. §§ 3663, 3664. In short, the sole challenge Packer raises in his appeal—to his 75-day term of imprisonment—was mooted by his release upon completing that term.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**<u>Per Curiam</u>**

FOR THE COURT:
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk